FILED
CLERK, U.S. DISTRICT COURT
FEB - 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC AS ATTORNEY IN FACT FOR SRP 2010-6, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CAESAR MORALES, HUGO MORALES, MARIA RODRIGUEZ, JUAN MORALES, and and DOES 1-100,<br><br>        Defendants. | NO. CV 14-455 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING**<br><br>**IMPROPERLY-REMOVED ACTION** |

    The Court summarily remands this civil action to state court summarily because defendant HUGO MORALES ("Defendant") removed it improperly.

    On January 21, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer complaint filed in California State Court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under

separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58, 65 (1987). Under 28 U.S.C. § 1332(a), "district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." See also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Simply stated, this action could not have been originally filed in federal court, because the complaint does not competently allege facts supplying either diversity or federal-question

2

jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's notice of removal only asserts that removal is proper based upon federal question jurisdiction, alleging that the state court action filed by plaintiff is a "civil action arising under FEDERAL LAW and in which a Federal Statute is drawn in controversy." (Notice at 2). However, the underlying unlawful detainer action does not raise any federal legal question. Nor does it appear that federal law is a necessary element of any of plaintiff's claims.

Although Defendant does not assert removal based upon diversity jurisdiction, Defendant asserts that Plaintiff SRP 2010-6, LLC is not authorized to do business in California and that defendant is an individual and resident of Los Angeles County. (Notice at 2-3). These assertions, however, fail to sufficiently allege complete diversity of citizenship between the parties. The diversity jurisdiction statute refers to citizenship and not residency. A natural persons's citizenship is determined by his state of domicile, not his state of residence. Therefore, a person residing in a given state is not necessarily domiciled there, and thus not necessarily a citizen of that state. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); 28 U.S.C. § 1332. Similarly, whether or not plaintiff is authorized to conduct business in the state of California is not determinative of state citizenship. "A limited liability company is a citizen of

3

1  every state of which its owners/members are citizens." <u>Johnson v.</u>
2  <u>Columbia Properties Anchorage LP</u>, 437 F.3d 894, 899 (9th Cir.
3  2006). Because defendant has not adequately alleged his own
4  citizenship or the citizenship of plaintiff's members, the court is
5  unable to conclude that § 1332(a)'s complete diversity requirement
6  has been met. Furthermore, even if defendant was able to allege
7  that complete diversity of citizenship exists between the parties,
8  defendant fails to address, much less satisfy, the requirement that
9  the amount in controversy exceed $75,000. <u>See</u> 28 U.S.C. § 1332(a).

11    Therefore, the Court lacks subject matter jurisdiction over
12 the instant action and removal of this action is improper. <u>See</u> 28
13 U.S.C. § 1441(a); <u>Exxon Mobil Corp v. Allapattah Svcs., Inc.</u>, 545
14 U.S. 546, 563 (2005).

16    Defendant is further notified and warned that any subsequent
17 attempts to remove the underlying state unlawful detainer action to
18 this Court will be improper and will constitute vexatious conduct
19 that the Court will address by way of punitive remedial measures,
20 which may include having defendant designated as a vexatious
21 litigant and barred from commencing any further removal actions
22 with respect to the underlying state unlawful detainer action.

24    Accordingly, IT IS ORDERED that (1) this matter be REMANDED to
25 the Superior Court of California, County Of Los Angeles, 9425
26 Penfield Avenue, Chatsworth, California 91311, for lack of subject

matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/31/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE